# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LINDA RIVERA,**

               **Plaintiff,**

-vs-                                                 **Case No. 6:08-cv-804-Orl-22GJK**

**VASCULAR SPECIALISTS OF CENTRAL FLORIDA, INC.,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion and referral:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT** (Doc. No. 20) |
| **FILED:** | **February 13, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff and Defendants jointly move the Court to approve their settlement agreement (the "Agreement") of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice (the "Motion"). Doc. Nos. 20, 23 at 4-10.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id.* In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* Furthermore, to establish the reasonableness of the fees and costs to be paid counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other

legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) the number of hours spent on each task; and 5) a precise statement of all costs and expenses incurred.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 13-14, 19-20, 22-23. Each party was represented by independent counsel who were obligated to vigorously represent their clients. *Id*. The parties agreed to settle Plaintiff's claim in exchange for a release of all claims for a total sum of $5,000.00, representing $2,000.00 payable directly to Plaintiff for unpaid overtime wages and $3,000 payable directly to Plaintiff's counsel for attorneys' fees and costs. Doc. No. 23 at 4-5. On July 18, 2008, Plaintiff filed Answers to the Court's Interrogatories claiming $11,716.00 plus liquidated damages in unpaid overtime wages. Doc. No. 13 at 3. On September 30, 2008, Plaintiff filed amended Answers to the Court's Interrogatories claiming $9,372.80 plus liquidated damages in unpaid overtime wages. Doc. No. 19 at 3. In the Motion, Plaintiff states that she agreed to compromise her claim after discovering that the Department of Labor previously determined that another employee of Defendant, in a similar position as Plaintiff, was exempt from the provisions of the FLSA. Doc. No. 20 at 3. While Plaintiff maintains that her position is distinguishable from the position investigated by the Department of Labor, Plaintiff acknowledges that Defendant was "likely to avoid a third year of statute of limitations and avoid the imposition of liquidated damages." *Id*. Without the additional third year under the statute of limitations and without liquidated damages, Plaintiff recalculated that her total possible recovery was $4,684.40. Doc.

No. 20 at 3.[2] Furthermore, Plaintiff recognized the potential viability of Defendant's defense that Plaintiff did not work the overtime hours claimed. *Id*.

Counsel for Plaintiff, C. Ryan Morgan, Esq., provided a sworn affidavit regarding the precise final distribution of all settlement funds and a detailed time sheet showing all hours expended on the case and the person who performed the work. Doc. Nos. 22 at 4-11, 23 at 4-10. In his affidavit, Mr. Morgan states that Plaintiff's recovery ($2,000.00) will not be subject to any further deductions for attorneys' fees, costs or other expenses. Doc. No. 22 at ¶ 2. Mr. Morgan, states that he expended 12.7 hours of work on the case at a rate of $300.00 per hour. Doc. No. 22 at ¶¶ 5, 7. In the affidavit, Mr. Morgan cites to one case from the Middle District of Florida, Orlando Division, in which he has previously been awarded a rate of $300.00 per hour. Doc. No. 22 at ¶ 5.[3] Mr. Morgan also states that a paralegal expended 6.0 hours of work on the case at a rate of $95.00 per hour. The paralegal rate is consistent with local rates in Orlando, Florida. In addition, Mr. Morgan states that the total costs incurred are $440.20, of which $380.00 are authorized pursuant to 28 U.S.C. § 1920. Doc. No. 22 at ¶ 8. Based on counsel's calculations, the total attorneys' fees and costs incurred equal $4,820.20 ($4,380.00 + $440.20 = $4,820.20). Doc. No. 22-2 at ¶¶ 7-8.

In a similar FLSA cases in Orlando Division, Mr. Morgan has been awarded a reasonable hourly rate far less than $300.00 per hour. In *Girke v. Camillo Home Builders of Orlando*, LLC, Case No.: 6:08-cv-461-Orl-28KRS, Doc. No. 12 (M.D. Fla. May 29, 2008), Mr. Morgan requested an hourly rate of $300.00 per hour. *Id*. However, Mr. Morgan was ultimately awarded

---

[2] Plaintiff recalculations are as follows: "$42,000 / 52 = $807.69 per wk / 50 hrs worked per week = $16.15 / per hr / 2 = $8.08 (half time) x 10 overtime hrs/wk = $80.80 per wk x 58 weeks (estimated minus holidays/vacations) = $4,684.40." Doc. No. 20 at 3 n. 1.
[3] *Badia v. Morena Food Corporation*, Case No. 6:08-cv-499-19DAB, Doc. Nos. 27, 29) (M.D. Fla. Oct. 7, 2008).

5

a reasonable hourly rate of $145.00 per hour. *See Girke*, Case No.: 6:08-cv-461-Orl-28KRS, Doc. Nos. 13-14.[4] Moreover, in *Smith v. Richard's Restoration, Inc.*, Case No. 6:05-cv-1072-Orl-DAB, Doc. No. 61 at 3 (M.D. Fla. Jan. 8, 2007), the Court specifically noted that a $300.00 hourly rate for FLSA cases was "far greater than those usually awarded in this District for like work. . . ." *Id*. Thus, considering the Orlando market, the complexity of the work, and Mr. Morgan's fee awards in similar cases, the undersigned recommends that the Court find that a reasonable hourly rate of $160.00 for Mr. Morgan is appropriate.[5]

The amount of time is also slightly overstated for one category of time. Mr. Morgan has charged .5 hours of attorney time and .4 hours of paralegal time for reviewing and preparing the sworn declaration in this case pursuant to the Court's February 18, 2009 order (Doc. No. 21). Doc. No. 22 at 9. When the parties filed the Motion, Mr. Morgan failed to attach a sworn declaration setting forth the precise final distribution of the proposed settlement funds among Plaintiff's FLSA compensation, liquidated damages, and attorneys' fees and costs. Doc. Nos. 20-21. As such, the Court was unable to determine whether the Agreement was fair and reasonable. *See Silva*, 307 Fed.Appx. at 351-52. Therefore, the undersigned recommends that the Court find that the amount of time spent on the case is overstated by .5 hours of attorney time and .4 hours of paralegal time.

While the Court is willing to accept appropriate representations from attorneys, as officers of the Court, when a plaintiff receives less than a full recovery, any payment (whether or

---

[4] In *Cruz v. Petty Transportation, LLC*, Case No. 6:08-cv-498-Orl-22KRS, Doc. Nos. 37-38 (M.D. Fla. Nov. 21, 2008), Mr. Morgan was also awarded a reasonable hourly rate of $145.00 per hour. *Id*. Similarly, in *Shannon v. Saab Training USA, LLC*, Case No. 6:08-cv-803-Orl-19DAB, Mr. Morgan was awarded a reasonable hourly rate of $175.00 per hour.

[5] The undersigned recently recommended, in *Penalver, et. al. v. ASIAUSA, LLC, et. al.*, Case No. 6:08-cv-1612-Orl-31GJK, Doc. No. 28 (M.D. Fla. April 28, 2009), that a reasonable hourly rate for Mr. Morgan is $160.00 per hour.

agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[6] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

Applying those principles first enunciated in *Lynn's Foods* to the case at hand, the undersigned recommends that the Court find a reduction in fees is warranted because: 1) Plaintiff's claims are a compromise of the amount owed; and 2) the lodestar amount is less than the fees agreed between Plaintiff's counsel and the Defendant. As the Court interprets *Lynn's Foods*, with the benefit of the application of *Silva*, where there is a compromise of the amount due to the plaintiff, the Court should decide the appropriate fee using the lodestar because that aids the Court in evaluating the reasonableness of the recovery split between the client and attorney. If the attorney is collecting a portion of the settlement as fees that would have otherwise been available for payment to the plaintiff, any amount above the lodestar is unreasonable unless supported by some special circumstance.

At the hourly rate of $160.00, which the undersigned recommends is appropriate for Mr. Morgan, for 12.2 hours (12.7 hours − .5 hours = 12.2 hours), the attorneys' fee is $1,952.00. At an hourly rate of $95.00, which the undersigned recommends is appropriate for the paralegal, for 5.6 hours (6.0 hours - .4 hours = 5.6 hours), the paralegal's fee is $532.00. As set forth above, the undersigned recommends that the Court find that the total costs incurred equal $440.20. Accordingly, the undersigned recommends that the Court find that the total reasonable attorneys'

---

[6] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

fees and costs are $2,924.20. Thus, there is an excess of $75.80 ($3,000.00 - $2,924.20 = $75.80), above a reasonable fee which should be distributed to Plaintiff under the Agreement.

The re-allocation of funds under the Agreement should be as follows:

(1) $2,075.80 to Plaintiff; and

(2) $2,924.20 to Plaintiff's counsel.

The undersigned finds the proposed Agreement with the re-allocation of settlement funds in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice to be fair and reasonable.

**THEREON IT IS RECOMMENDED THAT THE COURT**:

1. **GRANT** the Joint Motion (Doc. No. 20) with the re-allocation of funds as set forth above; and

2. Enter an order dismissing the case with prejudice and direct the Clerk to close the case;

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 7, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record.